<u>NOT FOR PUBLICATION</u>                                    [Docket No. 5]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| ROBERT MAREK and ANGELA MAREK,<br><br>           Plaintiffs,<br><br>      v.<br><br>SCHNEIDER NATIONAL, INC., et al.,<br><br>           Defendants. | Civil No. 08-2193(RMB)<br><br>**OPINION** |

APPEARANCES

Michael Palma, Esq.
Nowell Amaroso Klien Bierman, P.A.,
155 Polifly Road
Hackensack, NJ 07601
     Attorneys for Defendant Schneider National Bulk Carriers, Inc.

Marck S. Kancher, Esq.
The Kancher Law Firm, L.L.C.
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033
     Attorneys for Plaintiffs

**BUMB**, United States District Judge:

　　　This matter comes before the Court upon a motion by Defendant, Schneider National Bulk Carriers, Inc., ("Schneider") to transfer the above-captioned matter to the United States District Court for the Western District of Pennsylvania.  For the reasons set forth below, that motion will be denied.

**Background:**

According to the Complaint, removed to this Court on May 2, 2008, Plaintiff, Robert Marek, a citizen of New Jersey who resides in Audubon, was injured by a truck operated by Schneider's employee, Brian Hicks, in Coraopolis, Pennsylvania. It is undisputed that Schneider is a Louisiana corporation that does business in and is subject to process in New Jersey.

In Schneider's papers in support of this motion, it avers that the facility where the accident occurred and the location of one witness, Guy Pitch, a Schneider employee, are both in the Western District of Pennsylvania.  Schneider summarily states that "New Jersey is not a convenient venue for Schneider nor [sic] its witnesses,"  Def.'s Br. at 4, and asks that the venue be transferred pursuant to 28 U.S.C. § 1404.

28 U.S.C. § 1404(a) states that a civil action may be transferred "for the convenience of the parties and witnesses, in the interest of justice [to] . . . any other district . . . where it might have been brought."  The court has broad discretion in deciding whether transfer is warranted.  See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. l973).  In addition to the interest of justice and convenience of parties and witnesses, factors to be considered include both private and public interests.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations and citation omitted).  Private

interests include: (1) the plaintiffs' forum preference as manifested by the plaintiffs' original forum choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records.  Id.  Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases.  Id.  The law is clear that the moving party has the burden of persuasion on a motion to transfer.  Id. at 879.

As an initial matter, this Court notes that a plaintiff's choice of forum is accorded great weight.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981).  However, the presumption favoring a plaintiff's choice of forum is not dispositive of the motion and a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit."

Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998). This Court will balance Plaintiff's choice of forum with the other factors set forth in Jumara.

Schneider fails to address most of these factors; instead, it asserts that "plaintiff's choice of forum . . . **probably** will work a substantial hardship upon the defendant and the witnesses. . . ." Def.'s Br. at 5 (emphasis added). This Court finds it telling that Defendant cannot even assert that it **definitely** will be inconvenienced. Moreover, other than this generalized statement, Defendant presents no specific reasons why or explanation of how Defendant would be unduly burdened by having to litigate this matter in New Jersey.

In response to this motion, Plaintiff sets forth the names of several non-party witnesses who would testify at trial regarding the extent of Plaintiff's injuries and states that it would be difficult, if not impossible, to have them travel of the Western District in light of their busy practices and treatment of patients. Moreover, because of Robert Marek's injuries and the state of his wife's health, Mr. Marek cannot drive more than very short distances and his wife cannot drive at all, making it impossible for him to drive to the Western District. Moreover, if the Mareks were to have to fly to the Western District, the cost of airfare would be prohibitive.

While the accident in this case took place in Pennsylvania,

4

Plaintiff points out that Defendant has operations in Rahway, Teterboro, North Bergen, Linden, Jersey City, Camden, Medford and Little Ferry, New Jersey and, therefore, should have no difficulty litigating this matter in New Jersey.  Additionally, a central issue in this matter will be the extent of Plaintiff's injuries and the non-party witnesses that will testify to that are all located in New Jersey.  Plaintiff also addresses other factors not addressed by Defendant including the fact that there is no choice of law issue present here and there is no reason why a judgment obtained against Schneider would not be enforceable in this District.  Moreover, there is no evidence that the District of New Jersey is too overburdened as compared to the Western District of Pennsylvania such that a transfer is called for.

As the Court considers the above-listed factors and the reasons in favor of and in opposition to the motion to transfer, it finds that the only reason Schneider has set forth that would weigh in favor of the transfer is the fact that the Western District is where the accident took place.  This mere fact is insufficient to outweigh the factors set forth by Plaintiff: the fact that Plaintiff's treating physicians are here, the financial hardship litigating in the Western District for Plaintiffs, the fact that New Jersey is Plaintiff's choice of forum, and that there are no public interest factors that weigh in favor of the transfer.  See <u>Gonzales v. Supervalue Transport, Inc.</u>, No. 07-

5437, 2008 U.S. Dist. LEXIS 27382 at * 7 (E.D. Pa. Apr. 3, 2008)(holding that the fact that accident took place in Virginia was "not significant enough to outweigh the countervailing factors" and denying motion to transfer to the Eastern District of Virginia).

While this Court does not doubt the veracity of Defendant's assertion that "Schneider did not ask to be sued," it nevertheless finds that such an asseveration in no way provides an adequate basis upon which this Court may properly transfer this action to the Western District of Pennsylvania.  Moreover, Defendant's assertion that justice dictates that it "should be allowed to defend the case in the venue most convenient to it, not most convenient to plaintiff," is largely unsupported.  The law is clear: "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail."  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).  Because Schneider has failed to "establish that a balancing of proper interests weigh in favor of the transfer," Schneider's request that this matter be transferred will be denied.  Id.

An appropriate Order will issue this date.


Dated: August 18, 2008                s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE